IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| ZAREMBA PROPERTIES BEREA CO., | ) | CASE NO.  1:04CV1700 |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| CUYAHOGA METROPOLITAN HOUSING | ) | |
| AUTHORITY, *et al.*, | ) | |
| | ) | |
|       Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |


On August 23, 2004, Zaremba Properties Berea Co., plaintiff, filed this action against the

Cuyahoga Metropolitan Housing Authority ("CMHA") and the federal Department of Housing and

Urban Development ("HUD"), defendants.  On October 4, 2004, Defendant CMHA filed a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively to stay proceedings pending arbitration

because of an applicable arbitration agreement  (Docket No. 9).  On November 4, 2004, Defendant

HUD filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6) for lack of jurisdiction,

improper service, and failure to state a claim (Docket No. 12).  On December 3, 2004, the Plaintiff

filed a motion for leave to filed a First Amended Complaint (Docket No. 16).

The parties have fully briefed these issues.  The Plaintiff's motion for leave to file the First

Amended Complaint is GRANTED.  Accordingly, the Court considers the Defendants' motions as

they apply to the First Amended Complaint.

For the following reasons, Defendant HUD's motion to dismiss is GRANTED with prejudice.

Defendant CMHA's motion to dismiss is GRANTED without prejudice so the Plaintiff can pursue its claims in state court.

## I. FACTS

In August 1997, CMHA  leased certain property in Berea, Ohio to the Plaintiff.  As the lessee, the Plaintiff was to build and maintain an apartment complex as part of subsidized/low-income housing project.  Contemporaneously, the Plaintiff subleased a portion of the property back to CMHA for the purpose of further subleasing apartment units to individuals.  The property became known as the Quarrytown Towers Project ("Quarrytown").

Defendant HUD is a federal agency that oversees housing assistance programs for the  benefit of low-income people.  On January 31, 1979, HUD and CMHA entered into a Housing Assistance Program ("HAP") contract by which HUD was to provide housing assistance payments to subsidize the rents for Quarrytown residents.  The HAP contract provided that housing assistance payments were to go to CMHA, and the Plaintiff would get a share of such payments pursuant to the lease with CMHA.  The Plaintiff, however, is not an actual party the HAP contract.

The HAP contract set the initial assistance payments at $310.00 per month.  The HAP contract also provided for annual adjustments to the assistance payments based largely upon economic factors that affect the local housing market and the financial circumstances of the residents.  The Plaintiff alleges that with each increase in assistance payments, its concomitant share was to increase as well.  It further alleges that beginning in January 1996, CMHA stopped paying the Plaintiff its full share of the HUD assistance payments to which it is allegedly entitled.

On August 23, 2004, the Plaintiff filed its original Complaint, which it now seeks to amend.  In

-2-

the proposed First Amended Complaint, the Plaintiff asserts various claims against CMHA arising out of alleged breaches of the lease and HAP contract.  The First Amended Complaint also contains a single count against HUD, Count VI, in which the Plaintiff claims that it is a third-party beneficiary of the HAP contract.  The Plaintiff alleges that as a third-party beneficiary, it has claims directly against HUD for the deficient payments.

On October 4, 2004, CMHA filed a motion to dismiss for lack of subject matter jurisdiction.  It argues that the federal claim against  HUD must be dismissed, and upon dismissal of the federal claim, subject matter jurisdiction is lacking over the remaining claims which all arise under state law.  Alternatively, CMHA argues that the action should be stayed pending arbitration.  The original lease agreement provides:

> Any dispute arising under the [Lease or Sublease] shall be resolved exclusively by arbitration in accordance with the Commercial Rules of the American Arbitration Association, except for disputes requiring the participation of [the Department of Housing and Urban Development].

CMHA alleges that this provision requires arbitration of this dispute.

On November 4, 2004, Defendant HUD filed a motion to dismiss alleging that the Plaintiff has no claims against HUD.  HUD also challenges the sufficiency of service.

## II. LAW AND ANALYSIS

### A. Claim Against Defendant HUD

In the First Amended Complaint, the Plaintiff asserts only a single claim against HUD.  In Count VI, the Plaintiff alleges that it is a third-party beneficiary of the HAP contract.  HUD seeks dismissal of this claim in part pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

-3-

In deciding a motion to dismiss, the allegations in the Complaint are taken as true and viewed in the light most favorable to the Plaintiff.  A complaint will not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hiser v. City of Bowling Green, 42 F.3d 382, 383 (6th Cir. 1994), cert. denied, 514 U.S. 1120 (1995), quoting, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, 900 F.2d 882, 885 (6th Cir. 1990). The complaint need only give fair notice as to the claim and the grounds upon which it rests.  In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

Conclusory  allegations, however, are not sufficient to state a claim.  Rather, a complaint must set forth specific facts which, if proven, would warrant the relief sought.  Sisk v. Levings, 868 F.2d 159, 161 (5th Cir. 1989).  In addition, a court is not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 106 S. Ct. 2932, 2944 (1986).  A court likewise need not accept unwarranted factual inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

The Plaintiff relies upon 28 U.S.C. § 1346 for the proposition that this Court has jurisdiction over the claim against HUD.  Section 1346 in relevant part confers jurisdiction to district courts over any "claim against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States".  The Plaintiff alleges that this provision confers jurisdiction over the third-party beneficiary claim.[1]

---

[1]　　　As to the jurisdictional amount, in paragraph 66 of the body of the First Amended Complaint, the Plaintiff seeks damages from HUD in the amount of $10,000.00.

-4-

The Sixth Circuit has not established under what circumstances, if any, a third-party beneficiary claim can be brought pursuant to 28 U.S.C. § 1346.  Other circuits have set forth the proper standard for analyzing such claims.  Federal common law applies to claims that one is a third-party beneficiary of a contract executed by the United States.  <u>Roedler v. Department of Energy</u>, 255 F.3d 1347, 1351-52 (Fed. Cir.), <u>cert. denied</u>, 534 U.S. 1058 (2001); <u>Audio Odyssey, Ltd. v. United States</u>, 255 F.3d 512, 520 (8th Cir. 2001).  The test for third-party beneficiary status is whether the contract reflects an intent to benefit the third party.  Although the third party need not be named explicitly in the contract, the intent to benefit such party must be evidenced in the contractual language.  <u>Dewakuku v. Martinez</u>, 271 F.3d 1031, 1041 (Fed. Cir. 2001); <u>Roedler</u>, 255 F.3d at 1352; <u>Audio</u>, 225 F.3d at 521.  When the contract implements a statutory enactment, the purpose of the statute is relevant to determining contractual intent.  <u>Roedler</u>, 255 F.3d at 1352.

The contractual language of the HAP contract does not support the Plaintiff's claim.  By its plain terms, the HAP contract establishes rights and duties only for the property "Owner".  In the opening paragraph, the HAP contract identifies only CMHA as the "Owner" of the property.  The Plaintiff relies incorrectly on the statutory definition of  "Owner", which broadly defines who is eligible to be an owner under the statute.  With respect to this particular HAP contract, however, CMHA, and not the Plaintiff, unambiguously is identified as the sole Owner for contractual purposes.

With respect to HUD assistance payments, the contract states: "Housing assistance payments

_____

           Paragraph 7 of the demand for relief, however, asserts damages "in the amount of Ten Thousand Dollars (<u>$100,000.00</u>)" (emphasis added).  For the purposes of this motion, the Court assumes that this reference to $100,000.00 is a typographical error.

shall be made to the <u>Owner</u> [CMHA] for units under lease by Families in accordance with the Contract."  (HAP contract at ¶ 1.6(a)(1), emphasis added.)  In addition, such payments are to be made "on behalf of Families for the Contract Units" to enable such Families to the lease the units.  (HAP contract at ¶ 1.3(b)(1).)  There is no mention of any payments to, or for the benefit of, a developer lessee like the Plaintiff.   Accordingly, the contractual language does not convey an explicit intent to benefit the Plaintiff.

The statutory language also does not support the Plaintiff's claim.  As alleged in the First Amended Complaint, HUD's authority to enter the HAP contract stems from 42 U.S.C. § 1437 *et seq*.  The legislative purpose, as stated in the statute, is to promote the development of "decent and safe dwellings for low-income families" and to promote the development of such housing by States, local political subdivisions, and private citizens.  42 U.S.C. § 1347; <u>see</u> <u>also</u> <u>Dewakuku</u>, 271 F.3d at 1039. Although the legislative purpose includes the desire to promote private development, the developers are not the intended beneficiaries of the statute.  Rather, the goal is to benefit low-income families through the creation, whether by governmental or private parties, of suitable housing.  Thus, the Plaintiff is in a class of entities that are incidental, not intended, beneficiaries of the statute.

The Plaintiff relies on <u>Berks Products Corp. v. Landreau</u>, 523 F. Supp. 304 (E.D. Pa. 1981), in which subcontractors claimed to be third-party beneficiaries of a HUD construction contract.  The contract created an escrow fund for the payment of subcontractors.  Initially, <u>Berks</u> did not involve a HAP contract, so the case is distinguishable on that basis alone.  In contrast to <u>Berks</u>, the HAP contract at issue in this case does not provide for any escrow, nor make any other reference to payments to the developer.  In addition, the Plaintiff relies on a statement in <u>Berks</u> that the question of

-6-

whether a third-party beneficiary relationship exists "does not arise under the National Housing Act or federal common law."  This statement conflicts with the recent circuit court cases cited above.  Those cases hold that the question of whether a third-party beneficiary relationship exists is an issue arising under federal common law when the United States is a party to the contract.  In addition, the <u>Berks</u> court granted leave to amend the complaint without analyzing the contractual language.  As stated above, the contractual language in the current case does not support the Plaintiff's claim.  For these reasons, <u>Berks</u> is inapplicable.

In a comparable case, the Federal Circuit ruled that a developer was not a third-party beneficiary of a HAP contract.  <u>See</u> <u>Katz v. Cisneros</u>, 16 F.3d 1204 (Fed. Cir. 1994):

> A grant of benefits and subsequent oversight by HUD is insufficient to establish a contractual obligation between [the developer] and the government. [Citations omitted.] This is true even if the local agency is acting merely as a conduit for the federal funds.

<u>Id</u>. at 1210.  The Court agrees with this conclusion.  Neither the language of the HAP contract, nor that of the statute, supports the Plaintiff's third-party beneficiary claim.  Accordingly, dismissal is warranted.

B.  <u>Claims Against Defendant CMHA</u>

Defendant CMHA seeks dismissal for lack of subject matter jurisdiction.  CMHA agrees with HUD that any claims against HUD must be dismissed.  CMHA argues that if all claims against HUD, the federal defendant, are dismissed, then there is no basis for federal subject matter jurisdiction.  Alternatively, CMHA argues that the arbitration clause is enforceable, so this action must be dismissed or stayed pending arbitration.

As stated above, the Plaintiff's sole claim against HUD is dismissed.  No claims against CMHA

-7-

can provide an independent basis for federal subject matter jurisdiction.  When an action involves federal and state law claims arising from a common nucleus of operative facts, the court has discretion whether to exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367(a).  If all federal law claims are eliminated, the court ordinarily should refuse continued supplemental jurisdiction over the remaining state law claims.  <u>See</u> 28 U.S.C. § 1367(c); <u>Musson Theatrical, Inc. v. Federal Express Corp.</u>, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Accordingly, the Court concludes that dismissal without prejudice is appropriate to permit the Plaintiff to refile this action in state court.  All remaining issue shall be resolved by the state court, including whether this dispute must be referred to arbitration.

### III.  CONCLUSION

For th foregoing reasons, the Plaintiff's motion for leave to file the First Amended Complaint (Docket No. 16) is GRANTED.

Defendant HUD's motion to dismiss (Docket No. 12) is GRANTED, and the sole claim against HUD, Count VI of the First Amended Complaint, is hereby dismissed with prejudice, each party to bear its owns costs.

Defendant CMHA's motion to dismiss (Docket No. 9) is GRANTED for lack of subject matter jurisdiction.  The claims against CMHA are hereby dismissed without prejudice to refile in state court, each party to bear its own costs.  The Court expresses no opinion on the arbitration issue.

IT IS SO ORDERED.

Issued: April 29, 2005                          _____s/ John M. Manos_____
                                                            UNITED STATES DISTRICT JUDGE

-8-